UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDER D. CAMBRONERO,

                Plaintiff,

v.                                                    Case No. 20-cv-1635-bhl

CHRYSTAL MELI and
JOHN OR JANE DOE,

                Defendants.

## DECISION AND ORDER

      Plaintiff Alexander Cambronero, who is currently serving a state prison sentence at the Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his Eighth Amendment rights were violated by Chrystal Meli and a "John Doe or Jane Doe." Dkt. No. 1 at 1. On December 1, 2020, the Court screened the complaint and allowed Cambronero to proceed on a claim of deliberate indifference against Meli and the "John/Jane Doe" based on his allegations that they improperly discontinued his pain medication and failed to address his complaints of chronic pain. Dkt. No. 8. The Court informed Cambronero that, because he is suing "a Doe defendant," he would have to use discovery to learn the Doe's name. The Court ordered Cambronero to identify the name of the Doe by April 30, 2021. Dkt. No. 14.

      On April 16, 2021, Cambronero filed a motion to substitute Dr. Burnett, Dr. Mary Moore, and Dr. Cheryl Jeanpierre for the Doe placeholder. Dkt. No. 16. The Court will deny his motion because Cambronero's complaint does not name three doctors as defendants; it names only one doctor, and the Court cannot reasonably infer from the complaint's allegations that three doctors were involved in the decision to discontinue Cambronero's pain medication. *See Colbert v. City*

*of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (under §1983 an individual must be personally involved in the alleged constitutional violation).

The Court will allow Cambronero additional time to clarify which of the three doctors is the John or Jane Doe he names in his complaint. Alternatively, Cambronero may file an amended complaint that includes specific factual allegations about what each person he wants to sue allegedly did or did not do to violate his rights. If Cambronero decides to file an amended complaint, he must comply with Civil L. R. 15, which requires a plaintiff to file a motion identifying the differences between the original complaint and the amended complaint. The amended complaint, which must be complete in and of itself and may not reference or incorporate a prior complaint, must be filed as an attachment to the motion. Pursuant to Civil L. R. 9(b), any amended complaint must be on the Court's form.

**IT IS THEREFORE ORDERED** that Cambronero's motion to substitute parties (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Cambronero must either identify the Doe Defendant in his complaint <u>or</u> file an amended complaint (in accordance with the requirements of Civil L. R. 15) by **May 21, 2021.** The Court will include an Amended Complaint form along with this order. If Cambronero fails to do either by the deadline, the Court will dismiss the Doe defendant based on Cambronero's failure to diligently purse his claim against the Doe and based on his failure to comply with the Court's order.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2021.

                BY THE COURT:

                s/ *Brett H. Ludwig*
                BRETT H. LUDWIG
                United States District Judge