UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEXANDER D. CAMBRONERO,

                Plaintiff,

v.                                             Case No. 20-cv-1635-bhl

CHRYSTAL MELI, et al.,

                Defendants.

---

## DECISION AND ORDER

---

On December 6, 2021, Defendants filed a motion for summary judgment. Dkt. No. 23. On December 8, 2021, the Court reminded Plaintiff Alexander Cambronero, who is representing himself, that under Civil L. R. 56(b)(2) his response materials were due on January 5, 2022. Dkt. No. 28. The Court also warned Cambronero that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. The deadline has passed, and Cambronero did not oppose the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, the evidence demonstrates that Defendant Chrystal Meli had no role or authority over the discontinuation of Cambronero's gabapentin prescription, and that Defendant Dr. Cheryl Jeanpierre's decision to cancel his prescription was a reasonable exercise of her professional judgment. As a result, Defendants are entitled to judgment as a matter of law and their motion

must be granted. Additionally, pursuant to Civil L. R. 7(d), the Court finds that Cambronero's failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 13, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.